```
1  R. James Miller, SBN 170312
   POWERS & MILLER
2  1545 River Park Drive, Suite 515
   Sacramento, California 95815
3  Telephone No. (916) 924-7900
   Telecopier No. (916) 924-7980
4
   Attorneys for Defendants
5  EBI MEDICAL SYSTEMS, INC., a Delaware
   Corporation and BIOMET INC.
6
7
8                UNITED STATES DISTRICT COURT
9
10                CENTRAL DISTRICT OF CALIFORNIA
11
12  JOHN FRANCIS, an individual,  ) Case No.: CV 10-856 GHK (Ex)
                                   )
13              Plaintiff,         )
                                   ) [PROPOSED] PROTECTIVE ORDER RE:
14       vs.                       ) DEFENDANT'S PRODUCTION OF
                                   ) PROPRIETARY AND CONFIDENTIAL
15                                 ) BUSINESS DOCUMENTS
    EBI MEDICAL SYSTEMS, INC., a   )
16  Delaware Corporation and BIOMET)
    INC., and Does 1 to 100        )
17                                 )
                                   )
18              Defendants.        )
                                   )
19  _____)
20
```

It is hereby stipulated and agreed, by and between the parties to the above identified action, through their respective counsel, that the terms and conditions of this Stipulated Protective Order shall govern the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits and other information exchanged by the parties in this action.

IT IS HEREBY ORDERED AS FOLLOWS:

1. This Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Code of Civil Procedure and other information which the disclosing party designates as "CONFIDENTIAL MATERIAL" furnished, directly or indirectly, in this action.

2. In designating information as "CONFIDENTIAL MATERIAL" a party shall make such a designation only as to materials which that party in good faith believes constitutes proprietary information that is used by it in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would cause such third parties to maintain in confidence.

3. CONFIDENTIAL MATERIAL shall be used by the parties in this action solely for the purpose of conducting this litigation, and not for any other purpose whatsoever.

4. Information designated as "CONFIDENTIAL MATERIAL" may be disclosed only to the following persons:

    a. outside counsel working on this action on behalf of any party, including all paralegal assistants, stenographic and clerical employees working under the supervision of such counsel;

    b. in-house counsel of each of the parties, as well as all paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

    c. outside experts for each party who are expressly retained by any attorney described in paragraphs 4(a)-(b) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

    d. persons or organizations expressly retained to assist or serve as translators, interpreters, copy services, court reporters, and document/information consultants; and,

    e. the Court, under seal or with other suitable precaution calculated to maintain confidentiality.

5. The recipient of any CONFIDENTIAL MATERIAL hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under; compliance with, or violation of this Protective Order.

6. The recipient of any CONFIDENTIAL MATERIAL that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

7. Parties shall designate CONFIDENTIAL MATERIAL as such by:

    a. marking each page of each document or tangible items deemed to be CONFIDENTIAL MATERIAL as such, in a manner that is reasonably appropriate; and

    b. identifying portions of any transcript (including exhibits) which contains CONFIDENTIAL MATERIAL as such by making a statement to such effect on the record, or by

1  designating such within fifteen (15) business days after
2  counsel's receipt of the transcript. Pending such
3  designation by counsel, the entire deposition transcript,
4  including exhibits, shall be deemed CONFIDENTIAL MATERIAL;
5  if no designation is made within fifteen (15) business
6  days after receipt of the transcript, the transcript shall
7  be considered not to contain any CONFIDENTIAL MATERIAL.
8  A party shall not be obligated to challenge the propriety
9  of any CONFIDENTIAL MATERIAL designation at the time made,
10 and failure to do so shall not preclude a subsequent
11 challenge thereto. In the event that any party to this
12 litigation disagrees at any stage of these proceedings
13 with such designation, such party shall provide to the
14 producing party, ten (10) days prior to seeking relief,
15 written notice of its disagreement with the designation.
16 The parties shall first try in good faith to dispose of
17 such dispute on an informal basis. If the dispute cannot
18 be resolved, the party challenging the designation may
19 request appropriate relief from the Court following the
20 specified ten (10) day period. The burden of proving that
21 information has been properly designated as CONFIDENTIAL
22 MATERIAL is on the party making such designation.
23   8. CONFIDENTIAL MATERIAL to be used at trial shall in
24 accordance with Local Rule 79-5, et al. be filed under seal
25 following a noticed motion to seal. Upon order of the Court
26 following motion to seal, the Clerk of the Court is requested
27 to maintain under seal only those pages of documents and
28 transcripts of deposition testimony filed with this Court in

this litigation by any party which are designated as CONFIDENTIAL MATERIAL, including all pages of depositions and hearing transcripts, exhibits, discovery responses or memoranda purporting to contain or paraphrase such information. The person filing such material shall advise the Clerk that a designated portion thereof is subject to this Order and is to be kept under seal, except that upon the default of the filing party to so designate, any party may do so.

9. The restrictions provided for herein shall not terminate upon the conclusion of this action but shall continue until further order of this Court; provided, however, that this Protective Order shall not be construed: (a) to prevent any party or its counsel from making use of information which was lawfully in its possession prior to its disclosure by the producing party, (b) to apply to information which appears in issued patents or printed publications or becomes publicly known, or (c) to apply to information which any party or its counsel has, since disclosure by the producing party, shall hereafter lawfully obtain from a third party having the right to disclose such information.

10. Nothing in this Order shall preclude any party to the lawsuit or their attorneys (a) from showing a document designated as CONFIDENTIAL MATERIAL to an individual who, prior to the filing of this action, either authored or was copied on the distribution of the document, as indicated on the document's face or other documentary evidence; or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the

Case 2:10-cv-00856-GHK -E Document 55 Filed 10/21/10 Page 6 of 8 Page ID #:391

1  party itself has designated as CONFIDENTIAL MATERIAL.

2    11.   Material produced without the designation of
3  CONFIDENTIAL
4  MATERIAL may be so designated subsequent to production if the
5  producing party provides replacement materials bearing
6  appropriate designations and notifies the receiving party
7  promptly after becoming aware of same that the producing party
8  failed to make such designation at the time of production. If
9  discovery material is redesignated CONFIDENTIAL MATERIAL, the
10 receiving party shall collect any copies that have been
11 provided to individuals other than those identified in
12 paragraph 4 of this Order.

13    12.   Any discovery documents produced in this litigation
14    may be
15 later designated as "Attorney Client Privilege" or "Attorney
16 Work Product" promptly upon discovery by the producing party
17 that any such privileged or immune document was produced
18 through inadvertence, mistake, or other error, and no waiver of
19 privilege or immunity shall be deemed to have occurred. Upon
20 such designation, the receiving attorney promptly shall collect
21 all copies of the documents and return them to the producing
22 party. In the event that the receiving attorney believes in
23 good faith that the producing party cannot properly assert any
24 privilege or immunity with respect to the documents, the
25 receiving attorney shall segregate such documents and promptly
26 (but not later than fifteen days after such re-designation)
27 file a motion to compel production of the documents; otherwise,
28 any such motion to compel shall be deemed waived.

13. Within sixty (60) days of the termination of this action, all CONFIDENTIAL MATERIAL received by parties eligible to receive information under paragraphs 4(c)-(d) hereof, and all copies thereof, shall either be returned to the party which produced same or destroyed. If copies of CONFIDENTIAL MATERIAL are destroyed, the destroying party shall certify in writing that said documents have been destroyed within the sixty (60) day time period.

14. This Stipulated Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown from any of the provisions contained in paragraphs 1 through 15, inclusive, hereof.

15. Paragraphs 1 through 15, inclusive, of this Stipulated Protective Order relating to the designation and treatment of documents as CONFIDENTIAL MATERIAL also are applicable to any discovery obtained from or provided by persons or entities who/which are not parties to this action ("Non-Parties"). Discovery obtained from such Non-Parties (i) may be designated by the producing Non-Party as "CONFIDENTIAL MATERIAL" as that term is defined herein, and (ii) shall be treated in the same manner as if it were obtained from a party. The District Court from which a subpoena for such discovery of Non-Parties properly issues also shall have power to enforce the foregoing provisions upon application by the Non-Parties on whom which the subpoena was served.

///

///

Dated: 10/21/10

_____
MAGISTRATE JUDGE OF THE
UNITED STATES DISTRICT COURT

Approved as to form and content:

DATED: 10/20/2010          POWERS & MILLER

By: _____
R. JAMES MILLER
Attorneys for Defendants
EBI MEDICAL SYSTEMS, INC.,
and BIOMET, INC.

DATED: 10/20/2010          SPRAY, GOULD & BOWERS, LLC.

By: _____
ROBERT DEAN
Attorneys for Plaintiff,
JOHN FRANCIS

DATED: 10/20/2010          LEVY & NOURAFCHAN, LLP

By: _____
NAZILA LEVY
Attorneys for Plaintiff-in-
Intervention, SOUTHERN
CALIFORNIA GAS CO.

DATED: 10/20/10          A. BENNETT COMBS

By: _____
BENNETT COMBS
Attorneys for Defendants,
PACIFIC SURGICAL DISTRIBUTION,
LLC.