E-Filed – JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-856-GHK (Ex) | Date | November 10, 2010 |
|---|---|---|---|
| Title | *John Francis v. EBI Medical Systems, Inc., et al.* | | |

| Presiding: The Honorable | **GEORGE H. KING, U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      **(In Chambers) Order re:** Motion for Leave to File Amended Complaint; [22]

     This matter is before the Court on Plaintiff John Francis's ("Plaintiff") Motion for Leave to File Amended Complaint ("Motion"), which joins Pacific Surgical Distribution LLC ("Pacific") as a defendant. (Dkt. No. 22). Defendants EBI Medical Systems, LLC, erroneously sued as EBI Medical Systems, Inc., and Biomet Inc. (collectively, "Defendants") oppose the Motion on the grounds that Plaintiff's motive is improper because joining Pacific would destroy diversity jurisdiction. (Dkt. No. 25). We ordered the Parties to provide further evidence on the citizenship of Pacific, so that we could determine whether joining Pacific as a defendant would destroy diversity. (Dkt. No. 30). Plaintiff complied with our Order and filed a Statement of Citizenship showing that Pacific is a citizen of California. (Dkt. No. 59). Defendants do not appear to dispute that Pacific is a California citizen. Thus, it is clear that granting the Motion would destroy diversity jurisdiction, as Plaintiff is also a citizen of California. We have considered the papers filed in support of and in opposition to this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

     Federal Rule of Civil Procedure 20(a) provides that defendants may be joined if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." The Proposed Second Amended Complaint ("Proposed SAC") names Pacific as a defendant in all of the causes of action asserted against the other Defendants. No new facts or claims are added to the Proposed SAC; Pacific is simply merged into the existing theory of the case. Thus, the Rule 20(a) requirements are satisfied.

     In addition to the Rule 20(a) requirements, a party's request to amend the pleadings in a way that would destroy diversity is governed by 28 U.S.C. § 1447(e), *see Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086-87 (C.D. Cal. 1999), which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." We have fully considered all factors relevant to the § 1447(a) inquiry.[1]

---

[1] Under § 1447(a), the Court should consider "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2)

| CV-90 (06/04) | **CIVIL MINUTES - GENERAL** | Page 1 of 2 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

E-Filed – JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-856-GHK (Ex) | Date | November 10, 2010 |
|---|---|---|---|
| Title | *John Francis v. EBI Medical Systems, Inc., et al.* | | |

      We find that Plaintiff is not seeking to amend his Complaint with the improper motive of destroying diversity. From the very beginning of this litigation, Plaintiff has been pressing Defendants to disclose the identity of the distributor of the allegedly defective medical products at issue, and Plaintiff indicated that as soon as the distributor's identity was ascertained, the instant Motion would be brought. (*See* Dkt. No. 10, Report of Joint Rule 26(f) Discovery Plan, at 2-3). Indeed, Pacific's identity as the distributor was only disclosed by Defendants after we ordered Defendants to do so. (Dkt. No. 11). As Pacific was in the chain of distribution of the medical equipment at issue, Plaintiff's claim against Pacific can hardly be said to be frivolous or fraudulent. In addition, Scot Norred, an officer of Pacific, has been deposed in this matter and testified that during surgical procedures involving the medical equipment at issue, Pacific provided a representative who was present during the surgery to answer technical questions. (Opp'n, Miller Decl. ¶ 9). This further substantiates the non-frivolous nature of Plaintiff's claims against Pacific. Defendants argue that Plaintiff is free to file a separate action against Pacific in state court. However, this would needlessly waste judicial resources, as evidence produced in any parallel state court action would likely be relevant here, and *vice-versa*. Finally, Defendants have not articulated any prejudice that they will suffer from having to litigate this matter in state court. Accordingly, the Motion is **GRANTED** and the lodged Proposed SAC is **DEEMED** filed as of this date.

      Having granted the Motion joining Pacific as a defendant, the Parties are no longer completely diverse. This divests us of our subject matter jurisdiction. *Desert Empire*, 623 F.2d at 1377. We therefore **REMAND** this action to the state court from which it was removed.

      **IT IS SO ORDERED.**

|  |  -- : -- |
|---|---|
| Initials of Deputy Clerk | Bea |

---

whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid." *Clinco*, 41 F. Supp. 2d at 1082 (citing Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial*, ¶ 2:1078 (TRG 1998)). In addition, we consider "possible prejudice that may result to any of the parties in the litigation . . .[,] the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). Finally, the Ninth Circuit in *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) also weighed the availability of relief in the event that joinder is denied.



**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

SOUTHERN DIVISION
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**TERRY NAFISI**
District Court Executive and
Clerk of Court

EASTERN DIVISION
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Re:   Case Number: _____

      Previously Superior Court Case No. _____

      Case Name: _____

Dear Sir / Madam:

   Pursuant to this Court's ORDER OF REMAND issued on _____, the above-referenced case is hereby remanded to your jurisdiction.

   Attached is a certified copy of the ORDER OF REMAND and a copy of the docket sheet from this Court.

   Please acknowledge receipt of the above by signing the enclosed copy of this letter and returning it to our office.  Thank you for your cooperation.

                                         Respectfully,

                                         Clerk, U. S. District Court

                                         By: _____
                                              Deputy Clerk

                                         ☐ Western    ☐ Eastern    ☐ Southern Division

*cc: Counsel of record*

============================================================

Receipt is acknowledged of the documents described herein.

                                         Clerk, Superior Court

_____          By: _____
Date                                         Deputy Clerk

CV - 103 (09/08)         **LETTER OF TRANSMITTAL - REMAND TO SUPERIOR COURT (CIVIL)**